IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEITH CHAN,<br><br>              Plaintiff,<br><br>vs.<br><br>KAREN MAY BACDAYAN, KEVIN C. MCCLANAHAN, and RE/MAX,<br><br>              Defendants. | **8:25CV510**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff filed a Complaint on August 20, 2025, and was granted leave to proceed in forma pauperis, Filing No. 5. The Court now conducts an initial review of Plaintiff's complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.    SUMMARY OF COMPLAINT

Plaintiff sues Karen May Bacdayan, Kevin C. McClanahan, and RE/MAX. Plaintiff alleges RE/MAX owns Plaintiff's apartment, and RE/MAX, Kevin C. McClanahan, and Karen May Bacdayan conspired together, forged the record, deprived Plaintiff of due process, and violated RICO.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. ANALYSIS

Plaintiff's complaint is sparce. Other than a conclusory statement that the defendants violated RICO, there are no allegations of fact to support his claim that the defendants engaged in a RICO conspiracy. Plaintiff has not alleged, and it is not apparent, that any of the defendants is a state actor or otherwise required to afford Plaintiff with due process. And there is no allegation of any harm caused to Plaintiff by Defendants' alleged conduct.

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Plaintiff's complaint is frivolous, fails to state a claim upon which relief may be granted, and must be dismissed.

Accordingly,

IT IS ORDERED:

1. This matter is dismissed without prejudice.
2. A separate judgment will be entered.

Dated this 26th day of September, 2025.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge